# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TREVON GALMORE, TERRANCE LAVELL KIRKSEY, and JULIUS GARRISON, | |
| Plaintiffs, | |
| v. | Case No. 23-CV-650-JPS |
| RANDALL R. HEPP and SGT. ZEPTKA, | **ORDER** |
| Defendants. | |

Plaintiffs Trevon Galmore ("Galmore"), Terrance Lavell Kirksey ("Kirksey"), and Julius Garrison ("Garrison"), who are currently serving state prison sentences in the Wisconsin Department of Corrections and representing themselves, filed a complaint under 42 U.S.C. §1983, alleging that their civil rights were violated. Plaintiff Galmore is currently incarcerated at Waupun Correctional Institution; it is not clear from the complaint if Plaintiffs Kirksey and Garrison reside in the same institution. As a preliminary matter, Plaintiffs Kirksey and Garrison have yet to file anything in this case, including their current address. It is unclear if Plaintiffs Kirksey and Garrison are even aware of this lawsuit. As such, the Court will require Plaintiffs Kirksey and Garrison to separately notify the Court on or before **June 26, 2023** if they wish to proceed in this case and to confirm for the Court their current address. If the Court does not hear from Plaintiff Kirksey or Garrison on or before that date, the Court will dismiss them as a Plaintiff.

Additionally, before screening the complaint or assessing the filing fees due, the Court will clarify for Plaintiffs some of the implications arising

from their having brought their claims jointly in a single action. If after reviewing this decision, a Plaintiff no longer wishes to continue with this action, he must notify the Court in writing by **June 26, 2023** of his desire to withdraw. Any Plaintiff who withdraws from this action by the deadline will not be obligated to pay the filing fee. Plaintiffs who do not withdraw by the deadline will be assessed the statutory filing fee, regardless of when or why they are dismissed from this action. Plaintiff Kirksey and Plaintiff Garrison will not be assessed a filing fee if they do not make an appearance because they will be dismissed as Plaintiffs.

1.    **FILING FEES**

The cost of filing a civil action in federal court is $402.00, which includes the $350.00 statutory filing fee and a $52.00 administrative fee. The $52.00 administrative fee does not apply to persons granted leave to proceed without prepaying the filing fee (*in forma pauperis* status). Under the Prison Litigation Reform Act (PLRA), prisoner plaintiffs who bring a civil action must pay the statutory filing fee of $350. *See* 28 U.S.C. §1915(b)(1). Prisoner plaintiffs proceeding *in forma pauperis* may pay that fee over time. *See* 28 U.S.C. §1915(b)(2). In a multiple plaintiff prisoner case, **each plaintiff is required to pay a filing fee**. *See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004); *see Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee").

Any Plaintiff unable to pay the $402 filing fee may file a Request to Proceed in District Court Without Prepayment of the Filing Fee together with a certified copy of his institutional trust account statement for the past six months. These documents are available from Plaintiffs' institution. Plaintiff Kirksey or Plaintiff Garrison's failure to submit either the $402

filing fee *or* a request to proceed without prepayment of the filing fee and a certified trust account statement by – may result in the Court dismissing that Plaintiff from this action without further notice. If a Plaintiff encounters challenges satisfying this requirement, he must notify the Court in writing before the deadline.

2.      **SIGNATURES**

Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. Only Plaintiff Galmore provided a signature page to the complaint. If Plaintiff Kirksey or Plaintiff Garrison desires to proceed with this action, they both must submit a separate signed copy of the complaint on or before **June 26, 2023**. The Court will dismiss any Plaintiff who does not file a signed complaint by the deadline.

This requirement may be difficult and costly for multiple prisoner plaintiffs to comply with, particularly if Plaintiffs are transferred to different institutions or released before the case is resolved. Further, institution policies regarding communication and the delivery of documents among prisoners may cause delay and confusion. Plaintiffs are warned that, pursuant to Rule 11(a), the Court will strike any future filing that is not signed by every Plaintiff.

3.      **SCREENING, SANCTIONS, AND STRIKES**

After the above requirements have been satisfied and those Plaintiffs who wish to proceed have paid the filing fee or have been assessed and paid an initial partial filing fee, the Court will screen the complaint. *See* 28 U.S.C. §1915A. The Seventh Circuit has described the challenges that arise with group prisoner complaints. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). Complaints filed by multiple prisoners may proceed *if* the criteria for

permissive joinder of parties and joinder of claims are satisfied. *See* Fed. R. Civ. P. 20, 18. Rule 20 allows plaintiffs to join together in one action if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." And Rule 18 allows properly joined plaintiffs to assert as many claims as they have against a single party. But "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Thus, Plaintiffs should be aware that if they or some of their claims are not properly joined in this action, the Court may sever their claims into separate actions (for which they will be required to pay additional filing fees) or may dismiss the improperly joined parties. *See* Fed. R. Civ. P 21.

Finally, each Plaintiff will be held legally responsible for knowing what is filed on his behalf. Thus, each Plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if sanctions are found to be warranted in any aspect of the case, even if a particular Plaintiff was not directly responsible for the sanctionable conduct. Further, every Plaintiff who was a prisoner when the complaint was filed will incur a "strike" if this action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(g).

Accordingly,

**IT IS ORDERED** that any Plaintiff who no longer wishes to continue with this action must notify the Court in writing by **June 26, 2023** of his desire to withdraw. A Plaintiff who withdraws by the deadline will *not* have to pay a filing fee. A Plaintiff who withdraws from this action may file a separate action pursuing these same claims. If a Plaintiff files a separate action, he will be required to pay the filing fee;

**IT IS FURTHER ORDERED** that if Plaintiff Kirksey or Plaintiff Garrison wishes to continue with this action, they each must file a separate signed copy of the complaint with his current address by **June 26, 2023**. The Court will dismiss Plaintiff Kirksey and/or Plaintiff Garrison if they do not do so by the deadline; and

**IT IS FURTHER ORDERED** that if Plaintiff Kirksey and Plaintiff Garrison wish to proceed with this action, they each must separately submit either the $402 filing fee *or* a request to proceed without prepaying the filing fee and a certified trust account statement by **June 26, 2023.** Failure to do so by the deadline may result in the Court dismissing a Plaintiff from this action without further notice. Plaintiffs who encounter challenges satisfying this requirement must notify the Court in writing before the deadline.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.